IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE SIMPKINS,

    Plaintiff,               No. CIV S-04-1433 DFL PAN P

    vs.

FOOTHILL ORTHOPEDIC, et al.,      ORDER TO SHOW CAUSE

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 15, 2006, defendants Ingalls and Pires filed a motion for additional sanctions for plaintiff's failure to comply with the court's February 8, 2006 order granting their motion to compel discovery and requiring plaintiff to respond to defendants' discovery within twenty days.  In addition, it appears plaintiff has also failed to respond to discovery propounded by defendants Foothill Orthopedic Medical Clinic and Steve H. Peterson as their attorney filed a motion to compel responses to discovery requests on March 14, 2006.  It appears plaintiff may have abandoned this litigation.

/////

1

1    Rule 37 of the Federal Rules of Civil Procedure provides that a party may move
2 for sanctions where the party has made no response to interrogatories or requests for production
3 of documents.  See, e.g., Fed. R. Civ. P. 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-65
4 (9th Cir. 1996); Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp., 982 F.2d 362, 368
5 (9th Cir. 1992).  To warrant dismissal, this court must find plaintiff's failure to respond to
6 defendants discovery requests was "willful," that is, in "bad faith," or "disobedient conduct not
7 shown to be outside the control of the litigant."  In addition to finding willfulness, the court must
8 find dismissal is warranted under the balancing test governing dismissals under Fed. R. Civ. P.
9 41(b).

10    The Federal Rules of Civil Procedure provide for dismissal of actions based on
11 lack of prosecution.  Fed. R. Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure,
12 even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567
13 (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court
14 considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
15 manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
16 disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g.,
17 Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case *sua*
18 *sponte* for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel,
19 Inc., 898 F.2d 1428 (9th Cir. 1990).  *Sua sponte* dismissal requires a "close focus" on
20 consideration of "less drastic alternatives" and whether or not there has been a "warning of
21 imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

22    Because plaintiff has not yet been informed of the consequences of failing to
23 respond to discovery requests or to cooperate in the discovery process, the court will not
24 recommend that this action be dismissed as a sanction.  However, plaintiff will be ordered to
25 show cause why this action should not be dismissed for his failure to cooperate in the discovery
26 process.  See Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498 (9th Cir. 1987).

1   Accordingly, IT IS HEREBY ORDERED that within twenty days from the date of
2 this order, plaintiff shall show cause why this action should not be dismissed for plaintiff's
3 failure to cooperate in the discovery process.
4 DATED: March 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001;simp433.osc

3